UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MMSPDC LLC,

Plaintiff,

v.

TINA LUIS, *et al.*,

Defendants.

Case No. 3:26-cv-00040-MMD-CLB

ORDER

## I.   SUMMARY

This action arises from Defendants'[1] alleged wrongful suspension of distributions of rental income to Plaintiff MMSPDC LLC from Apollo Inn, LLC, an entity of which Plaintiff and Defendants are members. (ECF No. 1.) Other than Plaintiff, Apollo and Defendants are a California entity and California residents. (ECF No. 1 at 1-2.) Defendants filed a joint motion to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and improper venue under Fed. R. Civ. P. 12(b)(3). (ECF No. 7 ("Motion").)[2] In response, Plaintiff filed a motion for leave to conduct discovery under Fed. R. Civ. P. 56(d). (ECF No. 12 ("Motion to Conduct Discovery")[3].) As explained below, the Court grants dismissal without prejudice for lack of personal jurisdiction, and denies the Motion to Conduct Discovery.[4]

---

[1]Defendants, board members of Apollo, are Tina Luis, Alison Hicks, Diane Stovall, Bryan M. O'Connell, and James Scott Stovall. (ECF No. 1 at 2.)

[2]Plaintiff responded (ECF No. 11), and Defendants replied (ECF No. 16).

[3]Defendants responded (ECF No. 15), and Plaintiff replied (ECF No. 17).

[4]Because the Court grants the Motion based on lack of personal jurisdiction, it does not reach Defendant's venue argument.

## II.   BACKGROUND

The following facts are adapted from the Complaint (ECF No. 1). Plaintiff is a Nevada limited liability company that was created to hold a membership interest in Apollo Inn, LLC, a California limited liability company. (ECF No. 1 at 1.) Each Defendant is a board member of Apollo; and each Defendant is a resident of California. (*Id.* at 2.)

Apollo "holds certain interests in commercial property in the Anaheim, California area from which it receives rental income, which is subsequently distributed to its members, including MMSPDC, on a monthly basis." (*Id.* at 2.) Apollo leased the property to Stovall's Inn which operates a hotel on the property and pays rent to Apollo. (*Id.* at 3, 6.)

Since it became a member of Apollo in 2013, Plaintiff has received monthly distributions except for one month in January 2024. (*Id.* at 3.) However, Plaintiff has not received any distributions from Apollo since July 2025. (*Id.*) Various excuses have been given as to why distributions have ceased, with the most recent excuse presented in Defendant Tina Luis's letter indicating "perceived inaccuracies with prior payments from Stovall's Inn . . . which needed to be investigated and potentially requiring a need to refund any such overpayments." (*Id.* at 3-4.) Plaintiff alleges that because of overlapping ownership interest in Apollo and those on Apollo's Board of Directors, with the exception of Plaintiff and another individual, income not distributed benefits the owners of Stovall Inn, who are also board members of Apollo. (*Id.* at 6.) Additionally, Plaintiff alleges its "belief that the suspension of distributions by Apollo to MMSPDC was instigated as a means of influencing" a lawsuit filed by a separate legal entity managed by Alderson[5] in the District of Nevada on July 29, 2022 ("MMSP Litigation"). (*Id.* at 6-7.) One of the defendants in that lawsuit is a former member of Apollo, who is related to four of the five board members of Apollo and receives financial support from some or all of them, giving them a "financial interest in influencing the MMSP Litigation." (*Id.*)

---

[5]Alderson is Plaintiff's managing member. (ECF No. 1 at 1.)

Plaintiff asserts four tort claims for the wrongful withholding of distributions from Apollo: breach of fiduciary duty, conspiracy, unjust enrichment, and aiding and abetting unjust enrichment (only against Defendant Tina Luis). (*Id.* at 8-9.)

**III.    DISCUSSION**

"Personal jurisdiction must exist for each claim asserted against a defendant." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004) (citation omitted). A two-part analysis governs whether a court retains personal jurisdiction over a nonresident defendant. *See Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id.* Because "Nevada's long-arm statute, NRS [§] 14.065, reaches the limits of due process set by the United States Constitution," the Court moves on to the second part of the analysis. *Baker v. Eighth Jud. Dist. Ct. ex rel. Cnty. of Clark*, 999 P.2d 1020, 1023 (Nev. 2000) (citation omitted).

"Second, the exercise of jurisdiction must comport with federal due process." *Chan*, 39 F.3d at 1404-05 (citation omitted). "Due process requires that nonresident defendants have certain minimum contacts with the forum state so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* at 1405 (citing *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945)). Courts analyze this constitutional question with reference to two forms of jurisdiction: general and specific jurisdiction. See *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017).

Defendants argue that Plaintiff fails to establish general or specific jurisdiction. (ECF No. 7 at 8-12.) Plaintiff acknowledges it lacks sufficient information to assert general jurisdiction, but argues that specific personal jurisdiction exists primarily because Defendants knew the suspension of distributions of payment by Apollo would harm Plaintiff in Nevada, including preventing Plaintiff and "ultimately Alderson, from receiving distributions as a punitive measure." (ECF No. 11 at 8-11.)

Specific jurisdiction exists where "[a] nonresident defendant's discrete, isolated contacts with the forum support jurisdiction on a cause of action arising directly out of its forum contacts[.]" *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075 (9th Cir. 2011). In examining whether specific jurisdiction exists, the minimum contacts inquiry is "defendant-focused"—the relationship to be examined is that between the defendant and the forum state, and that relationship must arise out of the defendant's own contacts "with the forum state itself, not . . . with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014). Specifically, a court may exercise specific jurisdiction over a defendant only where "the defendant's *suit-related conduct*" creates "a substantial connection with the forum [s]tate." *Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1022-23 (9th Cir. 2017) (quoting *Walden*, 571 U.S. at 284-85) (emphasis added).

Incorporating these overarching considerations, the Ninth Circuit provides a three-prong test for analyzing an assertion of specific jurisdiction:

> (1) The non-resident defendant must *purposefully direct* his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he *purposefully avails* himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource, Inc.*, 653 F.3d at 1076 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)) (emphasis added). The party asserting jurisdiction bears the burden of satisfying the first two prongs. *See id.* (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). If it does so, the burden shifts to the party challenging jurisdiction to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *See id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

The first prong, which refers to both purposeful availment and purposeful direction, is often determinative. *See, e.g., Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006). Here, Plaintiff relies on "purposeful

4

direction," which "is most often used in suits sounding in tort." *See Schwarzenegger*, 374 F.3d at 802 (citing *Dole Food Co., Inc. v. Watts,* 303 F.3d 1104, 1111 (9th Cir. 2002)).

Courts evaluate purposeful direction using the three-part "*Calder*-effects" test. *See id.* at 803. Under this test, the plaintiff must allege that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *La Ligue*, 433 F.3d at 1206 (citing and quoting *Schwarzenegger,* 374 F.3d at 803). The focus of this test is "on the forum in which the defendant's actions were felt" and does not require that "the actions themselves occurred within the forum." *Id*.

Defendants argue that the allegations in the Complaint involved activities and conduct in California: "the real property, lease, hotel operations, and rental income at issue are all located in California;" the alleged decisions were made in California by Defendants who reside in California; and "the alleged misconduct concerns internal governance and ownership relationships centered entirely in California." (ECF No. 7 at 10.) Defendants insist that these allegations do not show they committed any intentional acts that were expressly aimed at Nevada to satisfy the first two *Calder*-effects test. (*Id.*) Plaintiff counters that Defendants' suspension of distributions is in effect aimed at Plaintiff specifically and harmed Plaintiff in Nevada because while the suspension decision affected other members, they "still receive some form of benefit directly or indirectly" by virtue of their "close-knit relationships (including familial relationships)." (ECF No. 11 at 10.) However, as Defendants reiterated in their reply, even accepting Plaintiff's allegations as true, decisions were made in California that affected all members of Apollo, including Plaintiff.[6] (ECF No. 16 at 7-8.) The fact that Plaintiff is a Nevada entity is

[6]Because the Court bases its rulings on the allegations in Plaintiff's Complaint, the Court further finds that Plaintiff has failed to show that discovery may provide relevant facts implicating personal jurisdiction and therefore denies Plaintiff's Motion to Conduct Discovery (ECF No. 12). *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) ("Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." (quoting *Data Disc, Inc. v. Systems Tech. Assoc. Inc.*, 557 F.2d 1280, 1285 n.1) (9th Cir. 1977).)

insufficient to show a connection between Defendants' conduct and Nevada. (*Id.*) Moreover, Plaintiff's focus on harm to Plaintiff and Alderson in Nevada, including impact on the MMSP Litigation, may meet the third part of the *Calder* effects test, but the allegations here fall short as to the first two factors. Thus, the Court finds Plaintiff fails to show that Defendants' alleged intentional conduct in suspension of Apollo's distributions to all members was expressly aimed at Nevada to satisfy the purposeful direction prong to establish specific personal jurisdiction.[7]

## IV.   CONCLUSION

The Court notes that the parties made several arguments and cited several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion to dismiss (ECF No. 7) is granted. The Court dismisses this action without prejudice for lack of personal jurisdiction.

It is further ordered that Plaintiff's motion to conduct discovery (ECF No. 12) is denied.

The Clerk of Court is kindly directed to enter judgment in accordance with this order and close this case.

DATED THIS 15th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[7]Because of this finding, the Court finds it unnecessary to address the other two prongs.

6